DECUIR, Judge.
This is a personal injury action filed by Dr. Norman P. Morin and his wife Dr. Irene *1387 Morin, against the Lake Charles Harbor and Terminal District and the Calcasieu Parish Police Jury. Dr. Morin sustained injuries when he was struck by a passing truck as he attempted to ride his bicycle across the Harbor District’s railroad tracks where they intersect Lincoln Road.

FACTS

Plaintiff, Dr. Norman P. Morin, was a recreational cyclist who bicycled approximately 25 miles per day. On July 5, 1989, Morin was bicycling on Lincoln Road in Lake Charles as part of his daily bicycle routine. Morin was travelling in the westbound lane of Lincoln Road when he came to a railroad crossing which intersects Lincoln Road at a 23° angle. As he approached the railroad crossing, Morin maneuvered his bicycle in such a manner as to cross the track at a 90° angle which brought him into the eastbound lane of traffic.
Just before crossing the track, Morin observed a truck approaching him from the rear. Morin believed that the truck was far enough back for him to cross the tracks at a 90° angle and proceed back to the westbound side of the road. Morin apparently misjudged the distance between himself and the truck, because as he attempted to cross the tracks, the truck which was driven by George Sonnier, struck the bicycle Morin was riding. The collision occurred in the eastbound lane of traffic. At the time of the accident, Sonnier was attempting to pass Morin in a “No Passing Zone”.
Defendant, the Lake Charles Harbor and Terminal District, owns and maintains the railroad crossing at issue. Although the Harbor District is responsible for maintaining the railroad crossing, Lincoln Road is owned and maintained by defendant, the Cal-casieu Parish Police Jury.
Following his accident, Morin and his wife, Dr. Irene Morin, filed suit against Plant Maintenance and Repair, Inc., the owner of the truck Sonnier was driving, as well as its insurer, United States Fidelity and Guaranty Insurance Company. Morin subsequently settled with Plant Maintenance and USF & G.
Morin then amended his petition to name the Harbor District and the Parish, claiming that the railroad crossing was defective by way of its construction and design. In his amended petition, Morin contended that the railroad crossing was one of the substantial contributing causes of the collision.
Morin’s suit against the Harbor District and the Parish was tried on February 11-13, 1993. The trial court found that the railroad crossing is not defective, and dismissed Morin’s suit against the Harbor District and the Parish.
Morin and his wife appealed alleging several errors. These errors may be summed up as follows:
1) The trial court erred by using the wrong legal standard in determining whether the railroad tracks at Lincoln Road posed an unreasonable risk of harm to bicyclists;
2) The trial court erred in failing to find the Harbor District and Parish at fault in Morin’s accident and in failing to award damages.

STATEMENTS AND APPLICATION OF LAW

Both the traditional negligence approach and the theory of strict liability require that the plaintiff prove the following three things:
1) The property which caused the damage was in the “custody” of the defendant, and
2) The property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises, and
3) The defect in the property was a cause in fact of the resulting injury.
The two theories are distinguished by the presence of actual or constructive knowledge. As that issue is not relevant to this case it will not be discussed further. In this case the issues of “custody” and cause in fact are easily determined, the difficult issue is whether the railroad crossing posed an unreasonable risk of harm.
The determination of whether a thing presents an unreasonable risk of harm *1388 is made under a duty-risk analysis. Levi v. S.W. LA Electric Membership Co-Op, 542 So.2d. 1081 (La.1989). This criteria is a concept employed to symbolize the judicial process of deciding which risks are encompassed by the codal obligations from the standpoint of justice and social utility. Sistler v. Liberty Mutual Insurance Company, 558 So.2d. 1106 (La. 1990). Reaching an intelligent and responsible decision of whether a risk is unreasonable involves consideration of moral, social and economic values as well as the ideal of justice. Id.
Stated more succinctly, the test for determining whether a risk is unreasonable is supplied by the following formula: The amount of precautions “demanded of a person by an occasion is the resultant of three factors: the likelihood that his conduct will injure others, taken with the seriousness of the injury if it happens, and balanced against the interest which he must sacrifice to avoid the risk.” Levi, supra.
The plaintiff argues that the trial court failed to properly apply these legal standards in finding that the defendants were not liable. We disagree.
In evaluating the likelihood of injury the court considered all factors related to the passage of vehicular and bicycle traffic across the tracks, the volume of bicycle and vehicular traffic and the number of previous accidents at the intersection. Likewise, the court heard extensive testimony regarding the seriousness of Dr. Morin’s injury. Clearly, the court properly evaluated these factors.
With regard to the final factor plaintiff alleges that the trial court’s consideration was too broad. Rather than focusing on the “sacrifice to avoid the particular risk”, the plaintiff argues that the court considered the social utility of railroads and roadways in general. We must disagree with that assessment.
While the trial court’s summary of it’s analysis is perhaps broad, an examination of the court’s reasons for judgment reveal a proper analysis. The court looked at the rail traffic at the particular crossing, the statutory purpose of the Harbor District, the method by which the crossing route was determined, the costs of rerouting the track (in light of contradictory expert testimony) both in the financial and practical sense and the primary purpose of the roadway. Only the last of these considerations appears broad, however, it is an appropriate factor in evaluating the likelihood of injury and was properly considered.
Accordingly, we find that the trial court applied the proper legal standard in determining that the defendants were not liable to Dr. Morin. The remaining issues on appeal involve the findings of fact made by the trial court, and as such should not be disturbed by the appellate court unless manifestly erroneous. Rosell v. ESCO, 549 So.2d. 840 (La. 1989). Our review of the record in its entirety, supports the trial court’s findings of fact and evaluation of credibility as reasonable.
For the foregoing reasons the judgment of the trial court is affirmed. All cost of this appeal are taxed to plaintiffs/appellants.
AFFIRMED.
GUIDRY, J., concurs in the result.